

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00097-CV

---

SHEIK TEHUTI AS EXECUTOR                                    APPELLANT
FOR THE FAHAMME NATION OF
NATIONS

V.

THE BANK OF NEW YORK                                       APPELLEE
MELLON TRUST COMPANY,
NATIONAL ASSOCIATION FKA
THE BANK OF NEW YORK TRUST
COMPANY, N.A. AS SUCCESSOR
TO JP MORGAN CHASE BANK, AS
TRUSTEE FOR RESIDENTIAL
ASSET SECURITIES
CORPORATION

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 67-282078-15

----------

**MEMORANDUM OPINION**[1]

----------

Appellant Sheik Tehuti as executor for the Fahamme Nation of Nations attempts to appeal from an order denying his motion for emergency hearing and motion for bill of review following the issuance of a default order by the trial court under rule of civil procedure 736. *See* Tex. R. Civ. P. 736.7(a). We dismiss the appeal.

On December 22, 2015, the trial court signed a "Default Order" allowing appellee (which we have identified in the style of the case above) to proceed with foreclosure of real property in Forest Hill. The order cited rule of civil procedure 736 and stated, "This Order is not subject to a motion for rehearing, a new trial, a bill of review, or an appeal. Any challenge to this order must be made in a separate, original proceeding filed in accordance with Texas Rule of Civil Procedure 736.11."

Appellant filed a "Motion for Emergency Hearing Subject Matter Jurisdiction" and a motion seeking a bill of review. On March 17, 2016, the trial court signed an order denying these motions for want of jurisdiction. Appellant brought this appeal from the March 17, 2016 order.

On March 24, 2016, we sent appellant a letter expressing our concern that we lack jurisdiction over the appeal because the trial court's March 17 order was

----

[1]*See* Tex. R. App. P. 47.4.

not appealable. We informed appellant that we could dismiss the appeal unless he filed a response showing grounds for continuing it. Appellant responded, but his response does not show grounds for continuing the appeal.

An order issued under rule of civil procedure 736 that grants an application for an expedited order allowing the foreclosure of a lien is not appealable. *See* Tex. R. Civ. P. 736.1(a), 736.7(b), 736.8(c). Rather, by rule, any "challenge to a [r]ule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction." Tex. R. Civ. P. 736.8(c); *see* Tex. R. Civ. P. 736.11(a). Because appellant attempts to appeal from an unappealable order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. Civ. P. 736.8(c); *see also* Tex. R. App. P. 42.3(a), 43.2(f); *Layegh v. Stonebridge Ranch Cmty. Ass'n, Inc.*, No. 05-15-00494-CV, 2015 WL 4722428, at *1 (Tex. App.—Dallas Aug. 10, 2015, no pet.) (mem. op.); *Jennings v. Wells Fargo Bank, N.A.*, No. 03-15-00336-CV, 2015 WL 4604113, at *1 (Tex. App.—Austin July 28, 2015, no pet.) (mem. op.).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: May 19, 2016